**WARD TRANSFORMER COMPANY, INC., Plaintiff,**

v.

**DISTRIGAS OF MASSACHUSETTS CORPORATION, Defendant.**

No. 90–543–CIV–5–H.

United States District Court, E.D. North Carolina, Raleigh Division.

Sept. 24, 1991.

Mark Elias Fogel, Raleigh, N.C., for Ward Transformer Co., Inc.

Charles A. Edwards, John R. Rittelmeyer, Graham & James, Raleigh, N.C., for Distrigas of Massachusetts Corp.

**ORDER**

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the plaintiff's and defendant's cross-motions for summary judgment. The Honorable Charles K. McCotter, Jr., United States Magistrate Judge, entered a Memorandum and Recommendation on August 20, 1991, recommending that the motions be denied. More than ten (10) days have elapsed since the filing of the Memorandum and Recommendation, and no objections have been filed. Accordingly, this matter is ripe for adjudication.

In the absence of written objections to the Magistrate Judge's Memorandum and Recommendation, this court hereby finds

that the conclusions of the Magistrate Judge are, in all respects, in accordance with the law and should be approved. Therefore, the court adopts the Memorandum of the Magistrate Judge as its own.

Accordingly, it is hereby ordered that the defendant's motion for summary judgment and the plaintiff's motion for summary judgment are DENIED. The court further ORDERS that the trial of this matter be scheduled for this court's October 21, 1991, term in Raleigh and the pretrial conference be scheduled prior thereto by the clerk of this court.

MEMORANDUM AND
RECOMMENDATION

Filed August 20, 1991

CHARLES J. McCOTTER, Jr., United States Magistrate Judge.

This matter has been referred to the court for memorandum and recommendation on the plaintiff's, Ward Transformer Company, Inc. (WARD) and defendant's, Distrigas of Massachusetts Corporation (DOMAC) cross-motions for summary judgment pursuant to F.R.Civ.P. 56. DOMAC filed their motion for summary judgment on March 6, 1991. On March 26, 1991 WARD filed a motion for summary judgment in opposition. On April 12, 1991 DOMAC filed a response opposing WARD's motion for summary judgment and a reply to WARD's response to DOMAC's motion for summary judgment.

PROPOSED CONCLUSIONS OF LAW

This case arises out of a contract dispute. DOMAC ordered a surplus transformer from WARD in March of 1990, at a price of $65,790.00. DOMAC first moved the court for summary judgment asserting that a prepayment demand made by WARD constituted a repudiation of the contract, and that DOMAC performed its obligations under the contract including DOMAC's obligations for acceptance of delivery.

WARD asserted in their cross-motion for summary judgment that WARD made a demand for adequate assurances to DOMAC and that DOMAC failed to give those assurances. WARD further claims that DOMAC's failure to adequately assure WARD of DOMAC's performance under the contract amounted to repudiation of the contract, thus entitling WARD to treat the contract as breached.

This action was originally filed in North Carolina state court and was removed by DOMAC to Federal Court pursuant to 28 U.S.C. § 1441(a) based on diversity. We first decide which state law is applicable. A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). The State of North Carolina has adopted the Uniform Commercial Code (U.C.C.), including its choice of law provision, § 1–105. That statute provides, in relevant part:

[W]hen a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of such other state or nation shall govern their rights and duties. Failing such agreement this chapter applies to transactions bearing an appropriate relation to this State.

N.C.G.S. § 25–1–105. Both North Carolina (where WARD is a resident and where the transformer was held) and Massachusetts (where the transformer was to be used by DOMAC, and where DOMAC's job site was) have a reasonable relation to this transaction. Therefore, the parties may elect to have either the laws of North Carolina or Massachusetts apply to this case. Since the parties agreed that "This purchase order as accepted shall be governed by the laws of the Commonwealth of Massachusetts," Massachusetts law shall apply. (DOMAC Purchase Order, Defendant's Memorandum Exhibit 2 at p. 8.) Massachusetts has also adopted the U.C.C. Mass.Gen.Laws ch. 106, § 1–101. [Hereinafter cited as U.C.C.].

WARD contends that the contract called for delivery of the transformer no later than 8 weeks after the March 14, 1990 sale date (approximately May 14, 1990). In addition, DOMAC was to observe testing of

the transformer at WARD's plant in Raleigh, North Carolina prior to shipment. Immediately after the successful testing of the transformer, DOMAC began discussing the possibility of cancelling the contract. WARD kept pressing DOMAC about its plans for delivery but did not receive an adequate response. WARD then sent a letter to DOMAC announcing a cancellation charge in the range of $20,000 to $25,000 in lieu of contract performance. WARD did not receive any decision from DOMAC, so on April 27, 1990, WARD sent DOMAC an invoice for the entire purchase price of the transformer. At this time WARD felt that they had met all the terms under the DOMAC purchase order and that DOMAC was not intending to take delivery or make a cancellation charge.

WARD further contends that on May 4, 1990, DOMAC acknowledged that they would be willing to take delivery during the first week in July. WARD acknowledged that it would store the transformer for DOMAC until the first week in July, however, it required that DOMAC pay WARD the amount due on the enclosed invoice within 30 days of the invoice date. WARD later requested a 50% payment. On May 17, 1990 DOMAC declined the request for full or half payment. On May 29, 1990 DOMAC requested immediate delivery of the goods, without any payment, which WARD refused. In response, DOMAC cancelled the contract.

> Summary judgment is appropriate whenever the pleadings, affidavits and other materials show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In other words, summary judgment is appropriate when there is no genuine dispute as to the material facts of the case; that is, when the evidence is such that no reasonable jury could return a verdict for the nonmoving party.

*Duke v. Uniroyal, Inc.*, 719 F.Supp. 428, 430 (E.D.N.C.1989) (citations omitted).

DOMAC argues that WARD's demand for prepayment constituted a repudiation of the contract. Therefore, DOMAC's June 19, 1990 letter cancelling the contract was an appropriate action that cannot give rise to any contractual liability. WARD, however, argues that their demand for payment was a demand for adequate assurances from DOMAC.

Under the U.C.C., either party is entitled to demand adequate assurance that performance will be forthcoming when due, if there are "reasonable grounds" for insecurity with respect to the other party's performance. U.C.C. § 2–609(1). Reasonableness of grounds for insecurity and the adequacy of any assurance offered are to be determined in accordance with commercial standards. U.C.C. § 2–609(2). Courts test the grounds or assurances in a transaction between merchants by the standard of what is customary in the trade, a fact question. U.C.C. § 2–609(2).

WARD alleges several material facts that would allow a reasonable trier of fact to find for WARD on the issue of having had reasonable grounds for insecurity. First, WARD argues that it is the custom in the transformer industry that once the tests were passed, the transformer was ready to be delivered. However, immediately after the successful testing, DOMAC began discussing the possibility of cancelling the contract. WARD argues that they kept pressing DOMAC for its plans to take delivery of the subject transformer. When no such date could be determined WARD sent a letter to DOMAC announcing a cancellation charge in the range of $20,000.00 to $25,000 in lieu of contract performance. By April 27, 1990 WARD had not received a shipping date from DOMAC or a decision to pay the contract cancellation fee. These facts alleged by WARD and supported by affidavits and exhibits would allow a reasonable trier of fact to determine that WARD had reasonable grounds for insecurity.

WARD must then demand assurances from DOMAC that performance under the contract will be forthcoming at the proper time. The U.C.C. provides that [w]hen reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance ... U.C.C.

§ 2–609(1). DOMAC argues that WARD never made an appropriate demand for adequate assurances.

DOMAC argues that WARD's invoice dated April 27, 1990, which was accompanied by a letter dated May 4, 1991, in which WARD demands the full payment for the transformer within 30 days, is not a demand for adequate assurance. However, a written demand is not always necessary to invoke Section 2–609 of the U.C.C. "While we have a substantial question as to whether [plaintiff] made a written demand as required by statute, in keeping with our concept that the U.C.C. should be liberally construed, we do not desire to rest our decision of a formalistic approach." *Pittsburgh–Des Moines Steel Co. v. Brookhaven Manor Water Co.*, 532 F.2d 572, 581 (7th Cir.1976); *See also, Diskmakers, Inc. v. DeWitt Equipment Corp.*, 555 F.2d 1177, 1179 (3rd Cir.1977); *AMF, Inc. v. McDonald's Corp.*, 536 F.2d 1167, 1171 (7th Cir.1976). In addition, the May 4, 1990 letter to DOMAC may be construed as a demand for adequate assurance. WARD's May 4, 1990 letter reads in pertinent part as follows:

> This letter serves to acknowledge our telephone conversation of 5/4/90. We understand that Distrigas will take delivery of the equipment purchased by Distrigas on your P.O. # 9015–203 during the first week of July. Your purchase contract states that the delivery of the transformer must take place six to eight weeks after receipt of your purchase order.

> We are more than happy to store the unit at our facilities until the first week of July; Distrigas must, however, pay Ward Transformer the amount due on the enclosed invoice # 46096 within 30 days of the invoice date.

> Your signed acknowledgment of this letter is expected. Pleas find enclosed a Copy of your invoice dated 4/27/90.

A reasonable trier of fact could determine that WARD's letter of May 4, 1990 or the April 27 invoice were appropriate demands for reasonable assurances, or that a written demand was not necessary in this case. Therefore, summary judgment is not appropriate on this issue.

DOMAC contends that even if WARD had reasonable grounds for insecurity and that WARD made an appropriate demand for adequate assurances, DOMAC met that demand for adequate assurances by offering to pay 15% of the purchase price to WARD to defer any expense in refurbishing and testing the transformer. Upon receipt of demand, the recipient must furnish adequate assurances of due performance within a reasonable time not exceeding thirty days. U.C.C. § 2–609(4).

However, WARD had first requested full payment due to the fact that the delivery date was beyond that contemplated by the original purchase order. WARD later reduced this to a demand for 50% of the purchase price. What constitutes adequate assurances depends on the facts of the case. *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 568 (10th Cir. 1989). WARD has raised material facts that would enable a reasonable trier of fact to find that they did not receive an adequate assurance from DOMAC during a reasonable commercial time.

Until assurance is received, the aggrieved party is entitled to suspend any performance for which he has not already received the agreed return. U.C.C. § 2–609(1). At the end of the "reasonable time" period, failure to supply assurance is a repudiation of the contract. U.C.C. § 2–609(4). If DOMAC did not meet WARD's demand for adequate assurances, WARD is entitled to treat the contract as repudiated by DOMAC. U.C.C. § 2–609(4).

Because WARD has raised sufficient material facts for a trier of fact to determine that WARD had a reasonable ground for insecurity, made an appropriate demand for assurances, and did not receive those assurances, it is possible for a rational trier of fact to find that WARD did not repudiate the contract as DOMAC claims. Therefore, DOMAC's motion for summary judgment should be DENIED. In addition, because DOMAC disputes the material facts that would allow a rational trier of fact to determine that WARD had a reasonable

ground for insecurity, made an appropriate demand for assurances, and did not receive those assurances, WARD's motion for summary judgment should also be DENIED.

## CONCLUSION

DOMAC's motion for summary judgment and WARD's cross-motion for summary judgment should be DENIED.

THIS MEMORANDUM AND RECOMMENDATION ENTERED this day, the 19th of August, 1991.